■ GEORGE REYNOLDS et al., Appellants, v. ROBERT RICHARDS et al., Respondents.— Appeal by plaintiffs-appellants from judgments and orders in favor of the defendants of no cause of action. Plaintiff George Reynolds was the owner and operator of an automobile and plaintiff Pauline Reynolds was a passenger therein which was proceeding east on Route 17 on November 23, 1955. It was a rainy, misty night and the roads were wet. The road at the place of the accident was 24 feet wide, double white line dividing it, the contour being upgrade and curvy. Plaintiff George Reynolds observed a pole across the road, approximately 100 feet in front, slowed down and stopped about 10 feet away from it. Following plaintiff for some considerable distance was defendant Richards who apparently was anxious to pass plaintiff and in operating his automobile, ran into the rear of plaintiff's car. The estimated damage to his (Richards) vehicle, according to the report to the Motor Vehicle Bureau, was $400. The defendant Anderson testified that shortly before the automobile of the plaintiff came along he was driving in an easterly direction, his car left the road, struck a pole, knocking it over and into the road. Plaintiff Pauline Reynolds testified as to her injuries. The doctor for the defendants testified: "I believed that her mild cervical complaints were due to the slight residual of strain she had in November, 1955." The jury returned a verdict of no cause of action in both cases in favor of both defendants. From a review of all the testimony the record fails to disclose any evidence of contributory negligence on the part of the plaintiff George and certainly not on the part of the passenger, Pauline Reynolds. The record redounds with negligence on the part of Richards. In answer to a question he testified as follows: "We were coming up a hill and I was behind Mr. Reynolds as stated, both doing between thirty-five and forty miles an hour. There was a double line. I was waiting for a chance to pass him. I was just about at the top of the hill then. Mr. Reynolds' car seemed to be slowing down and I was sort of going along there and I was going to pass him as soon as the line broke. Well, lights came and I had to pull back over and, just as I was doing so, Mr. Reynolds had to stop and that is when I skidded into the back of his car." As to the defendant Anderson, his description of the manner and method of driving his automobile just prior to leaving the road and striking the pole would sustain a finding of negligence. At a new trial, the element of causation as to this defendant will be controlling. The record convinces us that the plaintiff Pauline Reynolds sustained injuries as a result of the accident, the question being the degree and severity. In this respect we refer to *Berk* v. *Schenectady Hotel Co.* (279 App. Div. 249, 251) where Mr. Justice COON,

writing for this court, stated: " The only real conflict in the case pertains to plaintiff's injuries. As to some of his injuries which developed some time later there is a real conflict. However, it is without dispute that the plaintiff sustained some injuries which were immediately evident, and any finding to the contrary would be unsupported by evidence. * * * Precedents are of little value in cases involving the weight of evidence. Each case must depend upon its own particular facts. That a court may and should, under proper circumstances, set aside the verdict of a jury as against the weight of evidence, is beyond question." The verdict is set aside as against both defendants and in favor of both plaintiffs and a new trial should be directed. Judgment and order reversed and a new trial directed, with costs to abide the event. Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ., concur.